729 F.2d 991
 Ronald Clark O'BRYAN, Plaintiff-Appellant,
v.
Dan V. McKASKLE, Acting Director, Texas Department of
Corrections, Individually and in his official capacity;
Robert D. Gunn; Joe V. LaMantia, Jr., Harry M. Whittington,
Pete Cortez, Deralyn R. Davis, Thomas R. McDade, Clifford F.
Smith, Lindsley Waters, and H. Bartel Zachery, Jr.,
individually and as members of the Texas Board of
Corrections, Defendants-Appellees.
Ronald Clark O'BRYAN, Petitioner-Appellant,
v.
Dan V. McKASKLE, Acting Director, Texas Department of
Corrections, Respondent-Appellee.
 Nos. 84-2182, 84-2183.
 United States Court of Appeals,
Fifth Circuit.
 March 29, 1984.
 
 Stefan Presser, Atty., American Civil Liberties Union, Houston, Tex., for plaintiff-appellant in No. 84-2182.
 Leslie Benitez, Asst. Atty. Gen., Austin, Tex., for defendants-appellees.
 Will Gray, Carolyn Garcia, Houston, Tex., for petitioner-appellant in No. 81-2183.
 Applications for Leave to Appeal In Forma Pauperis, for a Certificate of Probable Cause and for a Stay of Execution Pending Appeal.
 Before POLITZ, RANDALL and HIGGINBOTHAM, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ronald Clark O'Bryan is scheduled to be executed before sunrise on March 31, 1984. He was convicted in a Texas state court in 1975 of murdering his own child in order to collect the proceeds from life insurance policies on his child's life. His conviction and sentence were affirmed by the Texas Court of Criminal Appeals in 1979. O'Bryan v. State, 591 S.W.2d 464 (Tex.Cr.App.1979) (en banc), cert. denied, 446 U.S. 988, 100 S.Ct. 2975, 64 L.Ed.2d 846 (1980). Two applications for a writ of habeas corpus were denied by the state trial and appellate courts in 1980 and 1982, respectively. His second application for federal habeas relief (the first having been dismissed without prejudice to permit O'Bryan to return to state court to exhaust additional claims) was denied in 1982, and this court affirmed the denial of habeas relief in 1983. O'Bryan v. Estelle, 714 F.2d 365 (5th Cir.1983), cert. denied sub nom. O'Bryan v. McKaskle, --- U.S. ----, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984). O'Bryan's case has been before the Supreme Court on three different occasions: first, in 1980, when his petition for certiorari to review his direct appeal was denied; second, in January, 1984, when his petition for certiorari to review the decision of this court affirming the denial of federal habeas relief was denied; and third, in March, 1984, when his motion for leave to file an original petition for a writ of habeas corpus was denied, as was an accompanying motion for a stay of execution.
 
 
 2
 Following the Supreme Court's most recent action, O'Bryan elected to follow what are at least nominally two separate avenues for relief. First, he filed a new application for habeas relief in state court which was denied by the state district court on March 27, 1984, and by the Court of Criminal Appeals on March 28, 1984. O'Bryan then filed an application for federal habeas relief in federal district court, which was denied on March 29, 1984, as were accompanying requests for a stay of execution and for a certificate of probable cause. Pending before us in connection with O'Bryan's most recent round of applications for habeas relief are applications for a certificate of probable cause and for a stay of execution.
 
 
 3
 O'Bryan's second avenue for relief consisted of filing a complaint (the "1983 Complaint") in federal district court on March 28, 1984, pursuant to 42 U.S.C. Sec. 1983, against the Acting Director of the Texas Department of Corrections and the members of the Texas Board of Corrections (collectively, the "1983 defendants"). The 1983 Complaint asserted three claims:
 
 
 4
 (1) By failing to file an investigational new drug plan with the Food and Drug Administration ("FDA") relating to the drugs used by the 1983 defendants as a method of execution and by failing to await the results of those tests mandated by the Court of Appeals for the District of Columbia Circuit in Chaney v. Heckler, 718 F.2d 1174 (D.C.Cir.1983), temp. stay granted (March 21, 1984),permanent stay granted (March 30, 1984), the 1983 defendants will force O'Bryan to become an unwilling consumer of drugs that are not shown to be safe and effective for their intended use in violation of the Federal Food, Drug and Cosmetic Act (the "Act"), 21 U.S.C. Sec. 301 et seq. (1982);
 
 
 5
 (2) By failing to await the results of those tests mandated in Chaney, supra, the 1983 defendants will deprive O'Bryan of his eighth amendment right to be free from cruel and unusual punishment by subjecting him to lethal injection of drugs not proven safe, effective or humane in producing death; and
 
 
 6
 (3) The actions of the 1983 defendants, if allowed to go unstopped, will cause O'Bryan irreparable injury for which he has no adequate remedy at law.
 
 
 7
 O'Bryan requested the district court to grant declaratory relief to the effect that the 1983 defendants' use of the drugs as a method of execution without FDA approval violates the Act and the eighth amendment and to grant preliminary and permanent injunctive relief against continuing to use the drugs as part of an execution unless expressly approved by the FDA for that purpose. On March 29, 1984, the district court denied O'Bryan's request for preliminary and permanent injunctive relief and for a stay of execution, and also denied O'Bryan's application for temporary relief pending appeal. Pending before us in connection with the 1983 Complaint is a motion to enjoin the 1983 defendants from subjecting O'Bryan to lethal injection with drugs not approved for that purpose by the FDA during the pendency of O'Bryan's appeal from the district court's judgment.
 
 
 8
 We turn first to the 1983 Complaint.[1] In general, a court, in deciding whether to issue a stay, must consider:
 
 
 9
 (1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest.
 
 
 10
 Ruiz v. Estelle, 666 F.2d 854, 856 (5th Cir.1982) (Ruiz II ) (quoting Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir.1981) (Ruiz I )). While "the movant need not always show a 'probability' of success on the merits," he must "present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities, [i.e. the other three factors] weighs heavily in the favor of granting the stay." Ruiz II, 666 F.2d at 856 (emphasis in original) (quoting Ruiz I, 650 F.2d at 565). Insofar as the likelihood of success on the merits is concerned, we do not think that O'Bryan has made the showing required for a stay. We begin by noting that the mandate in Chaney v. Heckler, supra, has not issued, having been stayed by Chief Justice Burger pending the government's application for a writ of certiorari in the Supreme Court. We note also that neither this court nor any party to this case is bound by the decision of the Court of Appeals for the District of Columbia Circuit in Chaney. On the probable merits of O'Bryan's claim of a violation of the Act, we think that, for the reasons set forth in Judge Scalia's dissenting opinion in Chaney, O'Bryan's claim is insubstantial and he is unlikely to succeed on appeal.[2] See also United States v. Evers, 643 F.2d 1043 (5th Cir.1981).
 
 
 11
 Insofar as his second claim is concerned--that by failing to await the results of the tests mandated in Chaney, the 1983 defendants will deprive O'Bryan of his eighth amendment right to be free from cruel and unusual punishment--we agree with the State that the showing made by O'Bryan of discomfort or unnecessary pain falls far short of the showing found insufficient in Gray v. Lucas, 710 F.2d 1048 (5th Cir.1983). Accordingly, O'Bryan's probability of success on the merits of this claim is inadequate to justify a stay.
 
 
 12
 Finally, turning to O'Bryan's most recent round of applications for habeas relief, the district court, in a careful opinion, held that O'Bryan's petition was a successive petition governed by Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts, alleging no new or different grounds for relief from his earlier federal court petition which was decided on the merits. The court noted that Rule 9(b) was designed to afford the district court discretion in reviewing a successive claim and to make redeterminations where "the applicant shows that the ends of justice would be served by permitting redeterminations of the ground," citing Sanders v. United States, 373 U.S. 1, 16, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963). The district court held that O'Bryan's current habeas petition presents no arguments that have not already been presented to this court and twice to the Supreme Court and rejected by all, and that the ends of justice would not be served by permitting redeterminations of those arguments.
 
 
 13
 We are governed in this case by the Supreme Court's recent opinion in Barefoot v. Estelle, --- U.S. ----, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). Specifically, in order to obtain a certificate of probable cause, O'Bryan must make a " 'substantial showing of the denial of [a] federal right.' " 103 S.Ct. at 3394. He must demonstrate that the issues raised in his application for federal habeas relief are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.' " Id. at 3394 n. 4 (quoting Gordon v. Willis, 516 F.Supp. 911, 913 (N.D.Ga.1980)). We think that O'Bryan has failed to make that showing.
 
 
 14
 The application in No. 84-2182 for leave to appeal in forma pauperis is GRANTED; the application in that case for a stay of execution is DENIED. The applications in No. 84-2183 for leave to appeal in forma pauperis, for a stay of execution and for a certificate of probable cause are DENIED. The mandate shall issue forthwith.
 
 
 
 [1]
 The State of Texas argues that the 1983 Complaint is a thinly-disguised habeas petition; that O'Bryan has failed to exhaust his state remedies; and that the filing of the 1983 Complaint is an abuse of the writ, citing Jones v. Estelle, 722 F.2d 159 (5th Cir.1983) (en banc). In view of the result that we reach, we do not decide those questions
 
 
 [2]
 Although not argued by the parties, we are unable to identify the legal footing for O'Bryan's present effort to enforce this detailed federal administrative scheme. Middlesex County Sewerage Authority v. National Sea Clammers Assoc., 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981); Great American Federal Savings & Loan Assoc. v. Novotny, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979); Brown v. General Services Administration, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Moreover, Congress provided in the Act that "[a]ll such proceedings for the enforcement, or to restrain violations, of [the Act] shall be by and in the name of the United States." 21 U.S.C. Sec. 337