United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-70029

_____

ANGEL MATURINO RESENDIZ

Plaintiff - Appellant

v.

BRAD LIVINGSTON, Executive Director, Texas Department of Criminal Justice; DOUGLAS DRETKE, Director, Correctional Institutions Division Texas Department of Criminal Justice; CHARLES O'REILLY, Senior Warden, Huntsville Unit; UNKNOWN EXECUTIONERS

Defendants - Appellees

---------------------
Appeal from the United States District Court
for the Southern District of Texas
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the district court denying Appellant's motion for an injunction, restraining order, or stay of execution. Appellant seeks relief in the form of a stay of an execution, which is scheduled for later today, June 27, 2006. We AFFIRM the district court's denial of relief essentially for the reasons expressed by the district court in its memorandum and order signed June 26, 2006. *Resendiz v. Livingston,* No. H-06-CV-818. *See White v. Johnson,* 429 F.3d 572

(5th Cir. 2005); *Harris v. Johnson,* 376 F.3d 414 (5th Cir. 2004).  The request for stay is DENIED.

AFFIRMED; DENIED.

DENNIS, Circuit Judge, concurring in the judgement:

Under the circumstances, I concur and agree with the district court's disposition of the case. I continue to be concerned, however, about the tendency in some of our own opinions towards mechanically denying stays according only to the length of delay between execution setting and the date of the petition, as noted in my dissent in Harris v. Johnson, 376 F.3d 414, 419 (5th Cir. 2004). In Hill v. McDonough, -- U.S. --, 126 S.Ct. 2096 (2006), the Supreme Court reiterated that "a stay of execution is an equitable remedy" and that there is "a strong equitable presumption" against granting a stay where the claim could have been raised "'at such a time as to allow consideration of the merits without requiring entry of a stay.'" (Hill 126 S.Ct. 2096, citing, in the third quotation, Nelson v. Campbell, 541 U.S. 637, 650 (2004)). I do not read the

Court's opinion, however, as encouraging us to overlook all other considerations that are called for in equity, which, after all, should be a recourse to principles of justice and fairness to correct or supplement the law as applied to particular circumstances. Consequently, equity in cases of this nature requires courts to consider the particular circumstances of each case and to examine them for whether or not the challenge has been brought dilatorily or for improper purposes (i.e., to delay the execution), and, if not, whether it should be allowed to proceed. I am satisfied that the district court has properly done so in this case and has reached a sound decision.