BENAVIDES, Circuit Judge:
The Plaintiff-Appellant, Mauriceo Brown, is scheduled to be executed by lethal injection on July 19, 2006. Brown appeals the district court’s sua sponte dismissal of his suit seeking injunctive relief pursuant to 42 U.S.C. § 1983. He alleges that the combination of drugs that Texas uses in administering the lethal injection could paralyze him while leaving him fully *391 conscious of excruciating pain during the execution in violation of the Eighth Amendment. Brown seeks to enjoin the use of this particular lethal injection protocol.
Relying on Harris v. Johnson, 376 F.3d 414 (5th Cir.2004), the district court held that Brown was dilatory in filing the complaint and, thus, dismissed the case with prejudice. The district court properly applied our precedent.
This Court has held that “[a] challenge to a method of execution may be filed any time after the plaintiffs conviction has become final on direct review.” Neville v. Johnson, 440 F.3d 221, 222-23 (5th Cir.) (citing White v. Johnson, 429 F.3d 572, 574 (5th Cir.), cert. denied, — U.S. -, 126 S.Ct. 601, 163 L.Ed.2d 502 (2005)), cert. denied, — U.S. -, 126 S.Ct. 1192, 163 L.Ed.2d 1146 (2006). Further, we have made clear that waiting to file such a challenge just days before a scheduled execution constitutes unnecessary delay. Harris, 376 F.3d at 417-19. Although Brown’s direct appeal has been final for seven years,[1] he did not file the instant complaint until six days before his scheduled execution. Brown “cannot excuse his delaying until the eleventh hour on the ground that he was unaware of the state’s intention to execute him by injecting the three chemicals he now challenges.” Harris, 376 F.3d at 417. Brown has been on death row for more than nine years but decided to wait to challenge a procedure for lethal injection that has been used by the State during his entire stay ón death row. See White, 429 F.3d at 574 (reaching the same conclusion when petitioner filed after six years); see also Harris, 376 F.3d at 417.
Although Brown recognizes our precedent, he argues that it is in conflict with the Texas Court of Criminal Appeals’s holding that lethal injection challenges are not ripe until an execution is imminent. Whatever significance the Court of Criminal Appeals’s holding may have with regard to state court proceedings, it is clear from our precedent that he could have proceeded with a section 1983 civil complaint in federal court at any time after his direct appeal became final in 1999. The Court of Criminal Appeals’s holding with regard to ripeness is irrelevant to Brown’s ability to proceed in federal district court on his section 1983 claim. Moreover, regardless of whether there is a conflict between the precedent of this Court and the Court of Criminal Appeals, this panel is bound by our, precedent, which requires us to find the instant suit dilatory. Brown offers no other reason to justify his delay in filing suit.
Accordingly, we AFFIRM the district court’s dismissal of Brown’s complaint and DENY the request in his brief for this Court to issue injunctive relief, which we treat as a request for stay of execution. The Clerk is directed to issue the mandate instanter.

. Brown v. State, slip op. 72,852 (Tex.Crim.App. Feb, 17, 1999)(unpublished).