WILSON, Circuit Judge,
dissenting:
It is now clear that Rutherford is entitled to challenge the method by which Florida seeks to execute him by presenting his claim under 42 U.S.C. § 1983. See Hill v. McDonough, 547 U.S. -, 126 S.Ct. 2096, 2101-04, 165 L.Ed.2d 44 (2006). The Supreme Court remanded Rutherford’s case back to us for reconsideration in light of its decision in Hill. Rutherford, v. McDonough, — U.S. -, 126 S.Ct. 2915,165 L.Ed.2d 914 (2006) (mem.). Pursuant to the remand, the majority agrees with the district court’s alternative ruling that Rutherford’s § 1983 claim should not be heard because he should have brought it earlier. I disagree. I continue to believe, as I noted in my earlier dissent, that the district court abused its discretion by concluding that even if Rutherford’s § 1983 claim were cognizable, his delay in bringing the claim precluded equitable relief. Rutherford v. Crosby, 438 F.3d 1087, 1097-98 (11th Cir.2006) (Wilson, J., dissenting) (hereinafter Rutherford I). Because the factual basis for Rutherford’s claim only recently came to light and because the legal basis for his claim was not in place until six days before his scheduled execution, he did not unnecessarily delay in bringing his § 1983 action.[1]
*979 The district court’s determination that Rutherford unreasonably delayed the filing of his claim was, in essence, an alternative basis for dismissing his case. There was no semblance of a proper discussion or balancing of the equities of Rutherford’s claim. The court did not apply the appropriate standard for a stay or injunction under § 1983. Conspicuously absent from the district court’s order is any discussion of the following four factors: (1) whether there is a substantial likelihood of success on the merits; (2) whether the requested action is necessary to prevent irreparable injury; (3) whether the threatened injury outweighs the harm the stay or injunction would inflict upon the non-movant; and (4) whether the requested action would serve the public interest. See Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir.2000) (per curiam). The district court obviously did not feel the need to consider these four factors because it believed that Rutherford’s “claim and request for relief [wa]s the functional equivalent of a successive habeas corpus petition.” Rutherford I, 438 F.3d at 1102 (reprinting district court order as appendix). We have learned from Hill that this belief was incorrect. 126 S.Ct. at 2101-04.
Without weighing the four factors, the district court erroneously concluded that Rutherford unnecessarily delayed in bringing his claim, and thus deemed a stay inappropriate. A “strong equitable presumption against the grant of a stay” is appropriate only when “a claim could have been brought at such a time as to allow consideration of the merits without the requiring of a stay.” Nelson v. Campbell, 541 U.S. 637, 650, 124 S.Ct. 2117, 2126, 158 L.Ed.2d 924 (2004). Here, there would have been little point in Rutherford bringing his claim any earlier than he did. Pri- or to the Supreme Court’s decision in Hill, our precedent in Robinson v. Crosby, 358 F.3d 1281 (11th Cir.2004), would have required a district court to treat Rutherford’s § 1983 claim as a successive habeas corpus petition. See id. at 1284. Thus, based on our prior precedent which has now been overruled, the district court would have been correct to summarily dismiss it for lack of jurisdiction. See id. It was not until the Supreme Court’s grant of certiorari in Hill that Rutherford had reason to believe that his claim would be heard. Rutherford filed his § 1983 claim on January 27, 2006, two days after the Supreme Court granted certiorari in Hill. I see nothing in the record to suggest, as the majority opines, that Rutherford “deliberately waited” to file his claim days before his scheduled execution. Thus, the district court abused its discretion in applying a “strong equitable presumption” against a stay. Furthermore, the district court’s order only analyzed this issue as an afterthought on the premise that the court’s first ground would be upheld.
The majority affirms the district court’s dismissal of Rutherford’s § 1983 action in an effort to “protect states from dilatory or speculative suits.” Hill, 126 S.Ct. at 2104. The majority concludes that a remand is unnecessary because the district court already determined that Rutherford’s suit was dilatory. I do not read Hill as giving license to the lower federal courts “to overlook all other considerations that are called for in equity, which, after all, should be a recourse to principles of justice and fairness to correct or supplement the law as applied to particular circumstances.” Brown v. Livingston, 457 F.3d 390, 392 (5th Cir.2006) (Dennis, J., dissenting). Rather, “equity in cases of this nature requires courts to consider the particular circumstances of each case and to examine them for whether or not the challenge has been brought dilatorily or for improper purposes ..., and, if not, whether it should be allowed to proceed.” *980 Id. The district court did not consider Rutherford’s particular circumstances.
The majority also argues that its decision to affirm is compelled by the result in the Hill case on remand. Hill v. McDonough, 464 F.3d 1256 (11th Cir.2006). Hill filed his § 1983 claim four days before his execution with full knowledge that under this Circuit’s precedent, his claim would be dismissed as a successive habeas petition. See Robinson, 358 F.3d at 1284. In fact, the district court dismissed Hill’s claim outright for lack of jurisdiction, holding that Hill’s action was the functional equivalent of a successive petition for a writ of habeas corpus filed without leave and, thus, ran afoul of 28 U.S.C. § 2244(b). Hill v. Crosby, No. 4:06-CV-032-SPM, 2006 WL 167585, at *2-3 (N.D.Fla. Jan.21, 2006). Following our precedent in Robinson, 358 F.3d 1281, and In re Provenzano, 215 F.3d 1233 (11th Cir.2000), we summarily affirmed the district court and denied Hill’s application for a stay of his execution pending appeal. Hill v. Crosby, 437 F.3d 1084, 1085 (11th Cir.2006) (per curiam). Against the odds, the U.S. Supreme Court granted certiorari in Hill’s case. Hill v. Crosby, 546 U.S. -, 126 S.Ct. 1189, 1190, 163 L.Ed.2d 1144 (2006) (mem.).
Hill’s case is materially different from Rutherford’s. Hill filed a highly speculative suit as a last ditch effort to stall his execution. Nothing in our circuit precedent, or Supreme Court precedent, provided a basis for a § 1983 challenge to Hill’s method of execution. On the other hand, when Rutherford filed his § 1983 claim, the legal landscape had fundamentally changed. A grant of certiorari by the Supreme Court, obviously, does not change our Circuit law, but it does call that law into question. Only after the Supreme Court’s grant of certiorari in Hill, which presented the same issues Rutherford faced, did Rutherford have reason to believe that his claim would be heard. The majority suggests that it “cannot be the law” that Rutherford could benefit from precedent established by Hill’s efforts. Again, I disagree. Litigants benefit from the efforts of prior litigants who shape the law every day. That is precisely why the Supreme Court remanded this case back to us for reconsideration — because Hill forged new precedent.
Nothing in the record suggests that Rutherford filed his claim solely in an attempt to delay his impending - execution. In fact, the record compels the opposite conclusion. Since Rutherford filed his § 1983 claim, he has vigorously pursued that claim and urged the courts at all stages to give him an evidentiary hearing on the merits. For example, Rutherford urged us to remand his case to the district court post-Hill for further proceedings on the merits despite the fact that no death warrant was pending and his execution was not imminent. Furthermore, once his second death warrant had been signed and his execution date set, he petitioned the U.S. Supreme Court for a writ of mandamus in an effort to compel us to remand his case to the district court for a hearing. These circumstances contradict the majority’s assertion that his § 1983 claim is merely a delay tactic and instead demonstrate that Rutherford has sought and continues to seek a full and fair hearing on the merits of his constitutional challenge to Florida’s lethal injection protocol. I am simply not persuaded by the view of the majority that Rutherford’s sole intent is to buy more time on death row, rather than to force the State to execute him in compliance with the Constitution.
Certainly, the State and its victims have an “important interest in the timely enforcement of a sentence,” but this interest must be balanced against the constitutional right of a death row inmate to be executed *981 in a manner consistent with the requirements of the Constitution. Recent developments in medical research have called into question the degree of pain and suffering caused by the method of lethal injection some states, including Florida, use. See Leonidas G. Koniaris et al., Inadequate Anaesthesia in Lethal Injection for Execution, 365 The Lancet 1412 (Apr. 16, 2005). To date, most lower courts have avoided squarely addressing whether execution by this three-drug protocol violates the Eighth Amendment, thus preventing review by the United States Supreme Court. See, e.g., Hill, 464 F.3d 1256; Robinson, 358 F.3d 1281; Brown v. Crawford, 408 F.3d 1027 (8th Cir.2005) (per curiam); Bieghler v. State, 839 N.E.2d 691 (Ind.2005). But see Walker v. Johnson, 448 F.Supp.2d 716 (E.D.Va.2006) (dismissing inmate’s § 1983 claim which relied on risks of deviation from execution protocol).
Rutherford does not challenge the validity of his sentence, rather the method in which the State seeks to carry it out. Rutherford’s challenge, even if successful, does not foreclose his execution. He will be put to death for his crime. But, because Rutherford presents a legitimate claim that the lethal injection protocol that awaits him may constitute cruel and unusual punishment, which the Eighth Amendment forbids, and because the district court failed to engage in a full and proper analysis of the equities in Rutherford’s case, I would reverse the district court’s decision and remand for a hearing on the merits of his § 1983 claim.[2]

. The majority asserts that Rutherford was aware of the factual grounds for his claim as early as 2000 when the state of Florida instituted lethal injection as a method of execution. That year, the Florida Supreme Court evaluated the constitutionality of Florida's lethal injection protocols. See Sims v. State, 754 So.2d 657 (Fla.2000). The petitioner in Sims, however, centered his argument on the pain and suffering that could occur if execution procedures were not followed. Id. at 668. In this case, Rutherford alleges that even if carried out as planned, the execution methods constitute cruel and unusual punishment. Rutherford bases his claim on recent research published in a medical journal detailing the effects of the chemicals in lethal injection. See Leonidas G. Koniaris, et al., Inadequate Anaesthesia in Lethal Injection for Execution, 365 The Lancet 1412 (Apr. 16, 2005). This research indicates that inmates may feel the suffering of suffocation, the burning through the veins, and the pain of a heart attack due to inadequate anaesthesia. Id. Though the factual basis for Rutherford's claim may have been known to him in April of 2005, the legal basis for his claim was not available until January 2006.

. A court in the Northern District of California is currently hearing expert testimony regarding a challenge to California's lethal injection protocols, which are materially similar to Florida's procedures. Morales v. Wood-ford, No. C-06-219-JF-RS, 2006 WL 1646106 (N.D.Cal.2006). Rutherford deserves the same opportunity. Consequently, I would grant Rutherford's Application for a Stay of Execution, permitting him to return to the district court for a hearing on the merits of his § 1983 claim.