# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2007

Charles R. Fulbruge III
Clerk

————

No. 07-70042

————

EARL WESLEY BERRY

Plaintiff-Appellant

v.

CHRISTOPHER B EPPS, Commissioner of the Mississippi Department of Corrections; LAWRENCE KELLY, Superintendent of the Mississippi State Penitentiary at Parchman

Defendants-Appellees

————

Appeal from the United States District Court
for the Northern District of Mississippi
Case No. 4:07-CV-176

————

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:

This action by Earl Wesley Berry, scheduled to be executed by lethal injection on 30 October 2007, challenges the protocol for lethal injection in Mississippi. Along that line, Berry appeals the dismissal of his 42 U.S.C. § 1983 complaint as well as the denial of his request for an injunction. He has also filed with this court an emergency application for an injunction and/or a stay of execution pending appeal.

I.

Berry is presently under a sentence of death for a murder committed 20 years ago, on 29 November 1987. In 1988, he was tried, convicted, and sentenced to death in Mississippi state court. Berry appealed his conviction and sentence to the Mississippi Supreme Court, which affirmed the conviction but vacated the sentence and remanded for resentencing. See Berry v. State, 575 So. 2d 1 (Miss. 1990).

On remand, Berry, in June 1992, was again sentenced to death. The Mississippi Supreme Court affirmed the sentence in part and remanded in part for an evidentiary hearing on whether there had been a violation of Batson v. Kentucky, 476 U.S. 79 (1986) (holding peremptory challenges may not be based solely on a juror's race).

Following the Batson hearing in January 1998, the trial court held against Berry. The Mississippi Supreme Court affirmed. Berry v. State, 802 So. 2d 1033 (Miss. 2001). Berry's petition for writ of certiorari to the United States Supreme Court was denied. Berry v. Mississippi, 537 U.S. 828 (2002).

Berry began post-conviction relief proceedings in December 2002 by filing a request with the Mississippi Supreme Court, asserting multiple grounds for relief. Relief was denied. Berry v. State, 882 So. 2d 157 (Miss. 2004). The United States Supreme Court denied certiorari. Berry v. Mississippi, 544 U.S. 950 (2005).

Berry began federal habeas proceedings in October 2005, seeking relief from his conviction and sentence. The district court denied relief. Berry v. Epps, No. 1:04CV328, 2006 WL 2865064 (N.D. Miss. 5 Oct. 2006). It also denied Berry's request for a certificate of appealability (COA). Berry v. Epps, No. 1:04CV328, 2006 WL 3147724 (N.D. Miss. 2 Nov. 2006). His request for a COA from this court was denied on 24 April 2007. Berry v. Epps, 230 Fed. App'x 386 (5th Cir. 2007). On the first day of this month, Berry's petition for writ of

certiorari to the United States Supreme Court was denied. Berry v. Epps, No. 07-5466, 2007 WL 2113574 (1 Oct. 2007).

Accordingly, on 1 October, the State of Mississippi moved to reset Berry's execution date. He responded on 4 October, including moving for leave to file a successive petition for post-conviction relief, seeking to challenge the protocol used by the State of Mississippi in conducting an execution by lethal injection. On 11 October, the Mississippi Supreme Court: set Berry's execution for 30 October 2007; and dismissed his motion for leave to file a successive petition. Berry v. Mississippi, No. 93-DP-00059-SCT (Miss. 11 Oct. 2007). Berry immediately moved for rehearing on both issues. On 18 October, the Mississippi Supreme Court denied rehearing. Berry v. Mississippi, No. 93-DP-00059-SCT (Miss. 18 Oct. 2007).

On 24 October, Berry petitioned the United States Supreme Court for a writ of certiorari. Petition for Writ of Certiorari, Berry v. Mississippi, No. 07-7275 (24 Oct. 2007). He simultaneously applied to the Court for a stay of execution and death sentence. Motion for Stay of Execution, Berry v. Mississippi, No. 07A334 (24 Oct. 2007). The State of Mississippi responded the following day. The petition for certiorari and motion for stay are pending before that Court.

On 18 October, the day rehearing was denied by the Mississippi Supreme Court, Berry and four other death-sentenced inmates filed this action in federal court, pursuant to 42 U.S.C. § 1983, seeking equitable and injunctive relief. Complaint, Walker v. Epps, No. 4:07CV176 (N.D. Miss. 18 Oct. 2007). The complaint requests "temporary, preliminary, and permanent injunctive relief to prevent the defendants from executing [plaintiffs] by means of lethal injection, as that method of execution is currently used in Mississippi". The complaint alleges lethal injection "unnecessarily risks infliction of pain and suffering". The State moved on 19 October to dismiss the action as to Berry.

The district court heard arguments on that motion on 23 October. The next day, it denied injunctive relief and dismissed the complaint as to Berry. *Walker v. Epps*, No. 4:07CV176 (Miss. N.D. 24 Oct. 2007). The court properly characterized part of the relief requested by Berry as a motion for stay of execution, see, e.g., *White v. Johnson*, 429 F.3d 572, 574 (5th Cir. 2005), and recognized this court's long-standing refusal to grant dilatory requests for such stays. Addressing Berry's reliance on the United States Supreme Court's recent grant of certiorari in *Baze v. Rees*, No. 07-5439, 2007 WL 2075334 (25 Sept. 2007) (challenging the constitutionality of lethal injection), the district court explained that grant "has no impact on established law". Berry immediately filed this appeal (24 October).

## II.

Well-established fifth circuit precedent is clear: death-sentenced inmates may not wait until execution is imminent before filing an action to enjoin a State's method of carrying it out. See, e.g., *Harris v. Johnson*, 376 F.3d 414, 416-17 (5th Cir. 2004). Such claims are dilatory and should be dismissed. See *Smith v. Johnson*, 440 F.3d 262, 263 (5th Cir. 2006). In *Harris*, our court stated:

> "[T]he mere fact that an inmate states a cognizable § 1983 claim does not warrant the entry of a stay as a matter of right . . . [a] court may consider the last-minute nature of an application to stay execution in deciding whether to grant equitable relief."
> We do not decide whether Harris properly states a claim under § 1983, because even if he does, he is not entitled to the equitable relief he seeks. Harris has been on death row for eighteen years, yet has chosen only this moment, with his execution imminent, to challenge a procedure for lethal injection that the state has used for an even longer period of time. . . . Harris cannot excuse his delaying until the eleventh hour on the ground that he was unaware of the state's intention to execute him by injecting the three chemicals he now challenges.

Harris, 376 F.3d at 416-17 (emphasis added) (alteration in original) (citations omitted) (quoting Nelson v. Campbell, 541 U.S. 637, 649 (2004)).

A similar analysis is applicable to the claim at hand. Berry was convicted of murder 19 years ago and resentenced to death over 15 years ago. His conviction and sentence became final upon the 7 October 2002 denial of certiorari by the United States Supreme Court. Only now, mere days before his scheduled execution, does Berry first challenge the execution protocol used in Mississippi. Our precedent requires the dismissal of "eleventh hour" dilatory claims such as Berry's. See, e.g., Brown v. Livingston, 457 F.3d 390 (5th Cir.), cert. denied, 127 S. Ct. 10 (2006); Reese v. Livingston, 453 F.3d 289 (5th Cir. 2006); Smith v. Johnson, 440 F.3d 262 (5th Cir. 2006); White v. Johnson, 429 F.3d 572 (5th Cir. 2005); Harris, 376 F.3d at 414.

Notwithstanding such precedent, Berry relies heavily on the Supreme Court's grant of certiorari in Baze, 2007 WL 2075334 (challenging the constitutionality of lethal injection), and the recent stays of execution ordered and affirmed by that Court and others. Regardless, this court has repeatedly explained: fifth circuit precedent "remains binding until the Supreme Court provides contrary guidance". Neville v. Johnson, 440 F.3d 221, 222 (5th Cir. 2006).

Accordingly, we need not reach the merits of his § 1983 claim. Likewise, Berry's application for an emergency injunction and stay of execution is denied.

III.

For the foregoing reasons, the denial of injunctive relief and dismissal of the complaint as to Berry is AFFIRMED. The application for injunctive relief and a stay of execution is DENIED.

JUDGMENT AFFIRMED; INJUNCTION AND STAY DENIED