EDITH BROWN CLEMENT, Circuit Judge: *
Plaintiff-Appellant Dale Leo Bishop filed an emergency application for an injunction and/or stay of execution pending appeal of the district court’s dismissal of his 42 U.S.C. § 1983 complaint and motion for injunctive relief. For the following reasons, we deny Bishop’s emergency application.
I. FACTS AND PROCEEDINGS
On October 18, 2007, Bishop, a prisoner sentenced to death and currently in the custody of the Mississippi Department of Corrections, joined with Alan Dale Walker, Paul Everett Woodward, and Gerald James Holland, other death-row inmates (collectively, the “plaintiffs”), and filed a lawsuit against: Christopher Epps, the Commissioner of the Mississippi Department of Corrections; Lawrence Kelly, the Superintendent of the Mississippi State Penitentiary at Parchman; and John Does 1-50 (collectively, the “State”). The plaintiffs challenged the constitutionality of Mississippi’s lethal injection protocol under 42 U.S.C. § 1983, and requested injunctive relief to prevent the State from executing the plaintiffs until their § 1983 claim was resolved. Specifically, the plaintiffs alleged that the lethal injection protocol used in Mississippi “unnecessarily risks infliction of pain and suffering.”
Originally, a fifth death-row inmate, Earl Wesley Berry, joined in the lawsuit, but the district court dismissed his § 1983 claim as dilatory on October 23, 2007, pursuant to a motion by the State. It also denied injunctive relief that would have prevented the State from executing Berry on October 30, 2007. Without reaching the merits of Berry’s § 1983 claim, this court affirmed the district court’s rulings on October 26, 2007, stating that “[o]nly now, mere days before his scheduled execution, does Berry first challenge the execution protocol used in Mississippi; therefore,] [o]ur precedent requires the dismissal of ‘eleventh hour’ dilatory claims such as Berry’s.” Berry v. Epps, 506 F.3d 402, 405 (5th Cir.2007) (per curiam).
*373 Berry petitioned the Supreme Court for certiorari and the Court stayed the execution on October 30, 2007, pending disposition of his petition. Berry v. Epps, — U.S.—, 128 S.Ct. 531, 169 L.Ed.2d 370 (2007) . Ultimately, the Supreme Court denied Berry’s petition for certiorari on April 21, 2008, see Berry v. Epps, — U.S. —, 128 S.Ct. 2048, 170 L.Ed.2d 796 (2008) , but during the pendency of Berry’s stay, no action was taken in the plaintiffs’ § 1983 case. The State failed to respond to the plaintiffs’ complaint and the plaintiffs moved for a default judgment. On May 5, 2008, the district court clerk entered a default judgment against the State for their failure to answer the complaint. On May 16, 2008, however, upon the State’s motion, the district court set aside the default judgment, finding that the State satisfied the requirements of Rule 55 of the Federal Rules of Civil Procedure, which allows courts to set aside default judgments for good cause. See Walker v. Epps, No. 4:07-CV-176, 2008 WL 2095696, at *2 (N.D.Miss. May 16, 2008).[1]
The State answered the plaintiffs’ complaint on May 21, 2008 and moved for summary judgment on May 28, 2008, arguing that the plaintiffs had failed to file their § 1983 claim within the applicable limitations period. The plaintiffs asserted that the equitable doctrine of laches applied, but alternatively argued that, even if a statute of limitations applied, their claims should not be barred because (1) the basis for their claims could not be discovered within the applicable limitations period, (2) the State’s fraudulent concealment of its execution protocol tolled the limitations period, (3) the imposition of the current protocol constitutes a continuing tort that resets the statute of limitations upon each wrongful act, and (4) the principles of equitable estoppel prevent the State from asserting the statute of limitations against them. The district court rejected all of the plaintiffs’ arguments and granted summary judgment for the State after finding the plaintiffs’ claim time-barred by Mississippi’s statute of limitations. See Walker v. Epps, — F.Supp.2d —, slip op. at 8-13, 2008 WL 2788074 (N.D.Miss. July 15, 2008). The plaintiffs immediately filed a notice of appeal in this court, challenging the district court’s order setting aside the default judgment, as well as its order granting summary judgment to the State and denying the plaintiffs’ request for a preliminary injunction. Walker v. Epps, — F.Supp.2d.—, 2008 WL 2788074 (N.D.Miss. July 15, 2008), appeal docketed, No. 08-70028 (5th Cir. July 16, 2008).
In parallel proceedings, Bishop exhausted his direct and collateral appeals of his February 2000 conviction for capital murder with an underlying felony of kidnapping.[2] On June 23, 2008, the State moved *374 to reset Bishop’s execution date to July 23, 2008, and the Mississippi Supreme Court granted the motion on July 1, 2008. On July 17, 2008, Bishop filed in this court an emergency application for an injunction or stay of execution only on his own behalf, pending our consideration of the plaintiffs’ appeal of the district court’s dismissal of their § 1983 claim. It is solely Bishop’s emergency application that is before us now.
II. DISCUSSION
Bishop argues incorrectly that our standard for granting a stay of execution pending appeal requires us to decide merely whether “jurists of reason would find the District Court’s decision [at issue on appeal] debatable.” Generally, in deciding whether we will issue a stay pending appeal, we must consider several factors. “So well-established in this circuit as to be a rubric,” these criteria include:
(1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest.
Ruiz v. Estelle, 666 F.2d 854, 856 (5th Cir.1982) (Ruiz II) (internal quotations omitted); see also Buxton v. Collins, 925 F.2d 816, 819 (5th Cir.1991). Indeed, “[f]iling an action that can proceed under § 1983 does not entitle the complainant to an order staying an execution as a matter of course.” Hill v. McDonough, 547 U.S. 573, 583-84, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006). A stay of execution “is not available as a matter or right, and equity must be sensitive to the State’s strong interest in enforcing its criminal judgments without undue interference from the federal courts.” Id. at 584, 126 S.Ct. 2096. Although “federal courts can and should protect States from dilatory or speculative suits,” id. at 585, 126 S.Ct. 2096, the Supreme Court has made clear that, “like other stay applicants, inmates seeking time to challenge the manner in which the State plans to execute them must satisfy all of the requirements for a stay, including a showing of a significant possibility of success on the merits.” Id. at 584, 126 S.Ct. 2096.[3]
*375 Bishop bears the burden of establishing the prerequisites for granting a stay. See Ruiz II, 666 F.2d at 856. “While ‘the movant need not always show a ‘probability’ of success on the merits,’ he must ‘present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities, [i.e. the other three factors] weighs heavily in the favor of granting the stay.’ ” O’Bryan v. McKaskle, 729 F.2d 991, 993 (5th Cir.1984) (quoting id.).
To demonstrate his likelihood of success on the merits, Bishop avoids the merits of his § 1983 claim and instead argues in detail the reasons he believes the district court erred in applying Mississippi’s statute of limitations to his claim. We reserve ruling on whether the district court erred in applying a statute of limitations to dismiss the plaintiffs’ claim and defer that issue until the resolution of the remaining plaintiffs’ direct appeal.[4] However, the fact that the district court allegedly committed a procedural error in concluding that Bishop’s claim was time-barred does not show irreparable harm, the second factor we must consider in deciding whether or not to grant a stay. Indeed, the merits of his case are essential to our determination of whether he will suffer irreparable harm if a stay does not issue.
In Chief Justice Roberts’ plurality opinion in Baze v. Rees, he explained:
A stay of execution may not be granted on grounds such as those asserted here unless the condemned prisoner establishes that the State’s lethal injection protocol creates a demonstrated risk of severe pain. He must show that the risk is substantial when compared to the known and viable alternatives. A State with a lethal injection protocol substantially similar to the protocol we uphold today would not create a risk that meets this standard.
— U.S. —, 128 S.Ct. 1520, 1537, 170 L.Ed.2d 420 (2008). In his stay applica *376 tion, Bishop has made no such showing. Mississippi’s lethal injection protocol appears to be substantially similar to Kentucky’s protocol that was examined in Baze. But Bishop has not demonstrated irreparable harm “through the mere possibility that some unforeseen complication will result in a lingering death causing [him] to suffer unnecessary pain[; therefore,] [h]e cannot rely on this possibility as the grounds for substantial risk of harm.” See Lambert v. Buss, 498 F.3d 446, 452 (7th Cir.2007) (citing Louisiana ex rel. Francis v. Resweber, 329 U.S. 459, 464, 67 S.Ct. 374, 91 L.Ed. 422 (1947) and Beardslee v. Woodford, 395 F.3d 1064, 1075 (9th Cir.2005)). Indeed, to establish irreparable harm, “[speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant.” United States v. Emerson, 270 F.3d 203, 262 (5th Cir.2001) (quoting 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2948.1 (2d ed.1995)).
In addition to failing to meet his burden for establishing a likelihood of success on the merits and demonstrating irreparable harm, Bishop did not address the final two factors that we must consider, including the “State’s strong interest in enforcing its criminal judgments without undue interference from the federal courts.” Hill, 547 U.S. at 574, 126 S.Ct. 2096. He makes no arguments regarding “whether the granting of the stay would substantially harm the other parties” or “whether the granting of the stay would serve the public interest.” Ruiz II, 666 F.2d at 856.
III. CONCLUSION
We hold that Bishop has not met his burden for establishing the criteria for granting a stay; therefore, we must conclude and order that the motion for an injunction and/or a stay of execution pending appeal be DENIED.

 Pursuant to 5th Cir. R. 47.5, this court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. The plaintiffs, in a cross-motion, requested that the district court condition relief from the entry of default upon the State's agreement not to seek an execution date on any future plaintiff while the instant case was pending and refrain from asserting time-based or procedural defenses to the plaintiffs’ requests for injunctive relief. They also requested that relief be conditioned on the State’s agreement to reinstate Berry’s claims and stay his execution pending the outcome of the § 1983 claims. The district court denied the plaintiffs' cross-motion in its May 16, 2008 order. Berry was executed on May 21, 2008.

. The Supreme Court of Mississippi affirmed Bishop’s conviction and sentence in February 2002 and denied his motion for rehearing in April 2002. See Bishop v. State, 812 So.2d 934, 937 (Miss.2002) (en banc). Bishop filed a petition for a writ of certiorari to the United States Supreme Court which was denied on October 21, 2002. See Bishop v. Mississippi, 537 U.S. 976, 123 S.Ct. 468, 154 L.Ed.2d 335 (2002). Bishop then returned to the Supreme Court of Mississippi and filed an application *374 for post-conviction habeas relief, alleging eight grounds for relief, but the Supreme Court of Mississippi denied his application for habeas relief in July 2004. See Bishop v. State, 882 So.2d 135, 156 (Miss.2004) (en banc). Bishop then appealed that denial of post-conviction relief to the United States Supreme Court, which denied his petition for a writ of certiorari. See Bishop v. Mississippi, 543 U.S. 1189, 125 S.Ct. 1401, 161 L.Ed.2d 194 (2005).
Bishop next sought relief by filing a petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi on March 28, 2005, which he amended on October 16, 2005. He alleged thirteen grounds for relief. The district court denied Bishop’s petition for habeas relief and entered judgment on August 16, 2007. See Bishop v. Epps, No. 1:04 — CV-319, 2007 WL 2363465, at *36 (N.D.Miss. Aug. 16, 2007). The district court also denied Bishop's motion for issuance of a Certificate of Appealability (“COA”) dated September 13, 2007, in which he raised four claims, including (1) ineffective assistance of post-conviction counsel, (2) ineffective assistance of trial counsel, (3) improper jury instruction, and (4) improper waiver of jury sentencing. Bishop v. Epps, No. 1:04-CV-319, 2007 WL 2727228, at *1, 5 (N.D.Miss. Sept. 17, 2007). Bishop moved for issuance of a COA in this court, raising the same claims he presented to the district court, but we denied Bishop’s motion. Bishop v. Epps, 265 Fed.Appx. 285, 295 (5th Cir.2008).
The facts underlying Bishop’s conviction are outlined in our opinion denying Bishop’s motion for a COA. See id. at 287-88.

. A number of requests for stays of execution pending resolution of § 1983 claims have been denied by this court for the reason that *375 the filings of the inmates’ claims were dilatory. See, e.g., Brown v. Livingston, 457 F.3d 390, 391 (5th Cir.2006); Resendiz v. Livingston, 454 F.3d 455, 455 (5th Cir.2006). It is well-settled in this circuit that "death-sentenced inmates may not wait until execution is imminent before filing an action to enjoin a State's method of carrying it out.” Berry v. Epps, 506 F.3d 402, 404 (5th Cir.2007) (citing Harris v. Johnson, 376 F.3d 414, 416-17 (5th Cir.2004)). In Brown and Resendiz, for example, the inmates filed § 1983 claims shortly before their scheduled execution date. See, e.g., Brown, 457 F.3d at 391 (filing § 1983 claim six days before execution date); Resendiz v. Livingston, No. H-06-CV-818, 2006 WL 1787989, at *3 (S.D.Tex.2006) (noting that Resendiz did not join § 1983 claim until days before his scheduled execution). Here, Bishop's direct appeals became final on October 21, 2002. On May 24, 2004, the Supreme Court confirmed that § 1983 could be used by an inmate to challenge a state’s execution protocol, if the § 1983 action did not necessarily prevent the state from administering the execution. Nelson v. Campbell, 541 U.S. 637, 647-48, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004). Bishop did not file his § 1983 claim until October 18, 2007. Precedent exists to deny Bishop’s request for stay of execution for dilatoriness alone. See Reese v. Livingston, 453 F.3d 289, 291 (5th Cir.2006) (denying inmates request for stay of execution pending appeal of § 1983 claim after finding that he filed his claim three years after his sentence became final). However, because we are cognizant of the Supreme Court’s instruction in Hill and acknowledge the dissents in Brown and Resendiz, we perform a complete analysis of the traditional factors for granting a stay.

. Bishop's emergency application for a stay and his briefing regarding the district court's grant of summary judgment to the Stale were filed only on his behalf. Because of his scheduled execution date, we must expedite the consideration of his application. The remaining plaintiffs, Alan Dale Walker, Paul Everett Woodward, and Gerald James Holland, are proceeding on the standard time-frame for their direct appeal and have the opportunity to file briefs.