**IN RE: Terry Darnell EDWARDS, Movant,**

Terry Darnell Edwards, Petitioner-Appellant,

v.

Lorie Davis, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent-Appellee.

No. 17-10098
CONSOLIDATED WITH 17-70004

United States Court of Appeals,
Fifth Circuit.

FILED January 26, 2017

Carl David Medders, Esq., Burleson, Pate & Gibson, L.L.P., Dallas, TX, for Movant

Carl David Medders, Esq., Burleson, Pate & Gibson, L.L.P., Dallas, TX, for Petitioner-Appellant

Ellen Stewart-Klein, Assistant Attorney General, Office of the Attorney General, Postconviction Litigation Division, Austin, TX, for Respondent-Appellee

Before ELROD, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM: *

Terry D. Edwards, a Texas state prisoner on death row who is scheduled for execution tonight, January 26, 2017, filed a second purported Rule 60(b) motion and requested stays of proceedings and of execution in federal district court. The district court again concluded that Edwards's Rule

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

60(b)(6) motion constituted a second-or-successive habeas petition because it sought to advance new claims and so it transferred Edwards's motion and the requests to stay these proceedings and his execution to this court.[1]

Edwards filed a notice of appeal, which we construe as a motion to file a second-or-successive habeas petition, and requests a certificate of appealability (COA) and that we stay these proceedings; alternatively, he requests that we hold his appeal in abeyance pending the Supreme Court's determination in *Davila v. Davis*, No. 16–6219. He asks for a resulting stay of execution. We conclude that Edwards's Rule 60(b) motion is a second-or-successive habeas petition and that Edwards cannot satisfy the requirements in 28 U.S.C. § 2244(b) for bringing a second-or-successive petition. Accordingly, we DENY the COA, DENY authorization to file a second-or-successive habeas petition, DENY his requests to stay or hold the proceedings in abeyance, and DENY the request to stay his execution.

## I.

Edwards seeks to reopen the habeas corpus proceedings for the purpose of presenting new claims for habeas relief that his state appellate counsel provided ineffective assistance. Some of his claims regarding the jury and alleged defects in its selection process have already been raised and found to constitute new claims—by the district court twice and by us once. Although Edwards requests that the prior judgment be vacated so that his counsel could provide further grounds to amend the appellate counsel ineffectiveness claim concerning the jury selection process, he says he would relate the new claims back to the sixth claim in his original petition.

■ We first address whether Edwards's Rule 60(b) motion is properly before us or whether the district court was correct to characterize it as a successive habeas petition. To do this, we must determine whether Edwards: (1) presents a new habeas *claim* (an "asserted federal basis for relief from a state court's judgment of conviction"); or (2) "attacks the federal court's previous resolution of a claim *on the merits*," *Gonzalez v. Crosby*, 545 U.S. 524, 530–32, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). If the Rule 60(b) motion does either, then it should be treated as a second-or-successive habeas petition. Only if the motion attacks "some defect in the integrity of the federal habeas proceed-

---

1. In his brief to us, Edwards puts forth two issues that we addressed extensively in our order yesterday, *Edwards v. Davis*, No. 17–10066, 676 Fed.Appx. 298, 2017 WL 367985 (5th Cir. Jan. 25, 2017). These pertain to: (1) whether *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) and *Trevino v. Thaler*, —— U.S. ——, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013), provide cause to overcome a procedural default from ineffective state habeas counsel that extends to claims of ineffective assistance of appellate counsel; and (2) whether the effective abandonment of Edwards by his federally appointed counsel constitutes a defect in the integrity of the original proceedings that would authorize Rule 60(b) relief. We have already addressed that neither of these issues allows Edwards to proceed under a Rule 60(b) motion and, further, Edwards does not met the requirements for a successive habeas petition.

As we discussed in our prior opinion and reiterate here, Edwards has improperly sought to bring a successive petition in the form of a Rule 60(b) motion. *See Edwards v. Davis*, No. 17–10066, 676 Fed.Appx. 298, 303–04, 2017 WL 367985 (5th Cir. Jan. 25, 2017). However, even if Edwards's current motion were properly brought under Rule 60(b) he could not prevail. As noted in our prior opinion, Edwards's first Rule 60(b) motion did not satisfy the timeliness requirement under Rule 60(b). *Id.* at 307–08. Thus, his current Rule 60(b) motion is likewise untimely under Rule 60(b).

ings," *id.* at 532, 125 S.Ct. 2641, may it be considered a Rule 60(b) claim.

Insofar as Edwards's Rule 60(b) motion argues that the previous habeas decision should be vacated so that Edwards can re-argue his habeas challenge with new counsel, his Rule 60(b) motion constitutes a second-or-successive petition. This is because it is well-established Supreme Court precedent that "60(b) motions raising additional facts for consideration constitute claims, and therefore should be evaluated as second-or-successive habeas petitions." *Id.* at 531–32, 125 S.Ct. 2641. Further, "an attack based on the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id.* at 532 n.5, 125 S.Ct. 2641. Because Edwards seeks to add new grounds for relief from his conviction and sentence, his motion advances one or more claims, which could have been raised in an earlier petition, making it a successive habeas petition. *In re Sepulvado*, 707 F.3d 550, 553 (5th Cir. 2013).

Edwards appealed from the district court's order finding that his second Rule 60(b) motion is a second-or-successive petition and transferring it to this court. We treat this as a motion for authorization to file a second-or-successive petition, and DENY that motion. *See In re Jasper*, 559 Fed.Appx. 366, 368 (5th Cir. 2014).

We must first address whether Edwards's alleged defects in the prior habeas proceedings constitute "claims," and therefore second-or-successive habeas petitions. A habeas petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008).

Section 2244(b) provides:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

To begin with, Edwards has not made any argument in his brief to this court that he satisfies the prerequisites for filing a second-or-successive petition articulated in 28 U.S.C. § 2244(b). A party's failure to pursue an issue in its brief constitutes forfeiture of that argument. Consequently, any argument on this issue has been forfeited. *See United States v. Scroggins*, 599 F.3d 433, 447 (5th Cir. 2010).

In any event, we conclude that Edwards could not satisfy the strict requirements under 28 U.S.C. § 2244 even if he had attempted to do so. To the extent Edwards "brings the same . . . claim[ ] in his successive habeas petition as he did in his initial federal habeas petition," his "petition is barred under 28 U.S.C. § 2244(b)(1)." *Adams v. Thaler*, 679 F.3d 312, 323 (5th Cir. 2012). Moreover, to the extent he as-

serts new claims, he cannot satisfy the requirements under § 2244(b)(2). Edwards has pointed to no "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." 28 U.S.C. § 2244(b)(2). Instead, Edwards argues that the Supreme Court's grant of certiorari in *Davila v. Davis*, No. 16–61219, is a reason to stay his execution (*see infra*), which does not satisfy this standard.

Edwards has also failed to satisfy the requirements of § 2244(b)(2)(B), because he has not shown that "the factual predicate for his claim could not have been discovered previously through the exercise of due diligence," or that the facts he alleges "if proven" would establish by clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." *See* 28 U.S.C. § 2244(b)(2)(B). Accordingly, because Edwards has failed to argue that he satisfies the strict requirements under 28 U.S.C. § 2244(b), and because he could not satisfy those requirements in any event, we DENY Edwards's motion to file a second-or-successive petition. 28 U.S.C. § 2244(b).

■ Finally, Edwards requests that we stay his execution and these proceedings pending the Supreme Court's determination in *Davila v. Davis*, 16–6219. Edwards alleges that the outcome in *Davila* may affect his claims that the jury selection process in his state trial was tainted, and that "[u]pon reopening these habeas proceedings ... [he] would readily relate jury selection claims back to ... his original, timely filed petition." As a result, he is bound by the strict guidelines in § 2244(b), which require that we dismiss a successive habeas claim unless "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Such action is unwarranted here, because the Supreme Court has only granted certiorari on *Davila*.[2] In order for *Davila* to affect Edwards at all, the Supreme Court would have to issue an opinion that sets forth a new constitutional rule, and that rule would have to be made retroactive to cases on collateral review. We are not authorized to stay all executions merely because the Supreme Court may, at some point in the future, write an opinion that would be helpful to the petitioner. *See Berry v. Epps*, 506 F.3d 402, 405 (5th Cir. 2007) (denying stay of execution despite grant of certiorari in another case); *see also Diaz v. Stephens*, 731 F.3d 370, 379 (5th Cir. 2013).

Moreover, Edwards is not entitled to a stay because he has failed to present meritorious claims, as we explained in our January 25 opinion. *See Edwards v. Davis*, No. 17–10066, 676 Fed.Appx. 298, 2017 WL 367985 (5th Cir. Jan. 25, 2017). Therefore, Edwards has failed to make "a strong showing that he is likely to succeed on the merits." *Diaz*, 731 F.3d at 379. We therefore DENY his request to stay these proceedings and DENY his request to stay his execution.[3]

## II.

Accordingly, we conclude that Edwards's Rule 60(b) motion is a second-or-

---

**2.** Although some of Edwards's earlier filings referenced *Buck v. Davis*, No. 15–8049, which addresses similar issues and has been orally argued to the Supreme Court, he only relies on *Davila* here.

**3.** The State's brief argues that, in addition to relief being unwarranted for the reasons we have described, Edwards's claims are also procedurally defaulted, violate the statute of limitations, and are meritless. We need not address those arguments here.

**324**

successive habeas petition and that Edwards cannot satisfy the requirements in 28 U.S.C. § 2244(b) for bringing a second-or-successive petition. We therefore DENY the COA, DENY authorization to file a second-or-successive habeas petition; DENY his requests to stay or hold the proceedings in abeyance, and DENY the request to stay his execution.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.