**REVISED MARCH 6, 2017**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2017

Lyle W. Cayce
Clerk

No. 16-20556

JEFFERY WOOD; ROLANDO RUIZ; ROBERT JENNINGS; TERRY
EDWARDS; and RAMIRO GONZALES,

> Plaintiffs - Appellants

v.

BRYAN COLLIER, Executive Director, Texas Department of Criminal
Justice; LORIE DAVIS, Director, Correctional Institutions Division, Texas
Department of Criminal Justice; JAMES JONES, Senior Warden, Huntsville
Unit Huntsville, Texas; and UNKNOWN EXECUTIONERS,

> Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-2497

Before HIGGINBOTHAM, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiffs appeal the dismissal of their 42 U.S.C. § 1983 suit challenging

Texas's death penalty protocol as violative of their right to be free from an

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

undue risk of serious pain under the Eighth Amendment and as violative of their right to equal protection under the law under the Fourteenth Amendment. Previously, we denied a stay, finding that Plaintiffs were unlikely to succeed on the merits of their appeal.[1] Nothing subsequent leads us to believe that conclusion was in error, and we affirm dismissal of those claims for the reasons previously stated.

Additionally, Plaintiffs now appeal the dismissal of their other claims, which center on other aspects of Texas's death penalty protocol, as time barred.[2] The statute of limitations for § 1983 claims for each of the Plaintiffs is controlled by Texas's personal injury statute of limitations.[3] In Texas, the statute of limitations for a personal injury runs "two years after the day the cause of action accrues."[4] A cause of action for a method-of-execution claim accrues at the later of two dates: (1) the conclusion of direct review or (2) the adoption of the challenged protocol.[5]

Direct review of each of the Plaintiffs' convictions ended between seven and fourteen years ago.[6] Texas last changed its death penalty protocol by

---

[1] *Wood v. Collier*, 836 F.3d 534 (5th Cir. 2016).

[2] Specifically, the district court dismissed as time barred Plaintiffs' claims that: (1) the use of compounded pentobarbital violates the Eighth and Fourteenth Amendments because it creates a risk of severe pain that could be mitigated by the use of available alternative methods; (2) Texas's death penalty protocol injures Plaintiffs' rights under the First, Eighth, and Fourteenth Amendments by failing to disclose information regarding the injection drug and by concealing certain information about how the executions will be performed; and (3) the lack of a requirement to notify them about changes regarding the protocol deprives Plaintiffs of their ability to protect their Eighth Amendment rights in violation of the Eighth and Fourteenth Amendments.

[3] *Walker v. Epps*, 550 F.3d 407, 412 (5th Cir. 2008); *see also Wilson v. Garcia*, 471 U.S. 261, 279 (1985).

[4] TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (West 2016).

[5] *Walker*, 550 F.3d at 414.

[6] *See Gonzales v. State*, 2009 WL 1684699 (Tex. Crim. App. June 17, 2009); *Edwards v. State*, 2006 WL 475783 (Tex. Crim. App. Mar. 1, 2006); *Wood v. State*, 18 S.W.3d 642 (Tex. Crim. App. 2000); *Ruiz v. State*, No. AP-72,072 (Tex. Crim. App. Feb. 25, 1998); *Jennings v. State*, No. AP-70,911 (Tex. Crim. App. Jan. 20, 1993).

switching to compounded pentobarbital in September 2013, which serves as the latest possible accrual point for any of the Plaintiffs' causes of action.[7] Plaintiffs' complaint was filed in the district court on August 12, 2016, outside of the two-year limit under the latest-in-time 2013 accrual date.[8] The district court did not err in dismissing those claims as time barred. We affirm. All outstanding motions are denied as moot.

---

[7] This is the most generous accrual point possible. Some of the aspects of Texas's death penalty protocol Plaintiffs challenge have not changed since 2008. Using either date, however, results in the same conclusion: these challenges are time barred.

[8] In denying Plaintiffs' request for a stay pending appeal, we addressed the merits of Plaintiffs' claims regarding pentobarbital under both an equal protection framework and the Eighth Amendment *Glossip* framework. *Wood*, 836 F.3d at 540. Even if we were to accept Plaintiffs' arguments that the proper accrual date for those claims is in 2015, we agree with the district court that, at bottom, those claims are meritless. Plaintiffs' other claims, which appear tertiary to the challenge to the use of compounded pentobarbital, are plainly untimely.

JAMES L. DENNIS, Circuit Judge, concurring in part and concurring in the judgment:

I agree with the majority that, on the showing made, Plaintiffs' constitutional claims fail on the merits. Further ruling on the statutes of limitations is therefore unnecessary. I recognize that *Walker v. Epps*, 550 F.3d 407 (5th Cir. 2008), is binding authority in this Circuit and requires plaintiffs seeking solely equitable relief to comply with state statutes of limitations. However, I am concerned that our decision in *Walker* misinterpreted the Supreme Court's decision in *Wilson v. Garcia*, 471 U.S. 261 (1985), when it read it to overrule *Holmberg v. Armbrecht*, 327 U.S. 392 (1946), a case that *Wilson* neither discussed nor even mentioned. As a member of this court has observed, "[t]he question whether a statute of limitations should apply to a claim such as this one, where the plaintiff seeks purely injunctive relief against an injury that, although certainly foreseeable, has not yet occurred, is a difficult one." *Walker v. Epps*, 287 F. App'x 371, 379 (5th Cir. 2008) (King, J., dissenting). As she did, I refer the reader to Judge Myron Thompson's excellent discussion of this subject, published at *Jones v. Allen*, 483 F. Supp. 2d 1142 (M.D. Ala. 2007).