JAMES E. GRAVES, JR., Circuit Judge,
dissenting:
Because I would vacate the district court’s order of dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and remand, I respectfully dissent.
In September of 2013, the Texas Department of Criminal Justice’s (TDCJ) supply of Nembutal, the brand name of pentobarbital, prescribed by the current execution protocol expired. There was information that TDCJ had obtained a supply of propofol, midazolam and hydromor-phone, but there was a lack of information about which drugs TDCJ planned to use in upcoming executions.
As a result, death-row inmates Thomas Whitaker, Perry Williams and Michael Yo-well filed a complaint under 42 U.S.C. § 1983 on October 1, 2013, asserting violations of their rights to'due process, access to courts, and right to be free from cruel and unusual punishment against various representatives of the TDCJ. Based upon new information that Yowell’s imminent execution would be carried out with newly-purchased compounded pentobarbital, the plaintiffs sought a temporary injunction. The district court denied relief and this court affirmed. See Whitaker v. Livingston (Whitaker I), 732 F.3d 465 (5th Cir. 2013). Yowell was executed and dismissed from the case.
Whitaker and Williams (hereinafter collectively referred to as “Whitaker”) then amended their complaint. The State filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), which the district court granted on the basis of lack of subject matter jurisdiction. Whitaker appealed. This court vacated the order of dismissal, concluding that “the district court clearly erred” in dismissing the claims on the basis that they were not yet ripe, and remanded “so that Whitaker is able to fully develop the claims based on the existing protocol for an appropriate trial on the merits.” Whitaker v. Livingston (Whitaker II), 597 Fed.Appx. 771, 774 (5th Cir. 2015).
The matter has proceeded since then with various motions, orders, an order setting execution of Williams that was later withdrawn, and limited discovery. Of particular relevance, on September 11, 2015, Whitaker filed a second amended complaint. Three days later, the state filed a motion to dismiss for failure to state a claim under Rule 12(b)(6). On June 6, 2016, the district court granted the dismissal without allowing full development of the claims, any discovery on the second amended complaint, and/or an appropriate trial on the merits.[1]
*503 Whitaker’s second amended complaint claimed that:
(1) The absence of any requirement that Defendants notify Plaintiffs of any changes in the lethal substance to be used to carry out executions, or changes to their legal injection protocol, deprives Plaintiffs of their ability to protect their right to not be subject to cruel and unusual punishment, and violates their right to due process, notice, an opportunity to be heard, and access to the courts in violation of the Eighth and Fourteenth Amendments to the United States Constitution;
(2) The absence of provisions that provide Plaintiffs access to counsel during the events leading up to and during the course of their execution deprives plaintiffs of their right of access to counsel and the courts in violation of their rights under the First, Sixth and Eighth Amendments and pursuant to 18 U.S.C. § 3599;
(3) Plaintiffs’ right to not be subject to cruel and unusual punishment, and their right to due process under the Eighth and Fourteenth Amendments are violated by: (1) Defendants’ failure to conduct sufficient testing of the compounded pentobarbital prior to injection; (2) Defendants’ use of a “use by” date for the compounded pentobarbital that extends far beyond accepted scientific guidelines; (3) Defendants’ carrying out of executions under the current Execution Protocol, which lacks appropriate safeguards to limit the risk that Plaintiffs will suffer severe pain at the time of their executions;
(4)Plaintiffs’ right to not be subject to cruel and unusual punishment, and their right to due process under the Eighth and Fourteenth Amendments, notice, opportunity to be heard, and access to courts are violated by: (1) Defendants’ failure to disclose information regarding the lethal substance or substances TDCJ intends to use to carry out Texas executions; (2) Defendants’ concealment of information about how the executions will be carried out.
The district court dismissed the claims on the basis that (a) the first, second, and part of the third claims are barred by limitations; (b) Whitaker did not adequately plead the complaint; and (c) all four claims are unsubstantiated by reliable, ar-ticulable, and demonstrable facts that establish claims upon which they seek relief. Whitaker subsequently filed this appeal.
*504 I.Whether the district court applied a standard which was clearly erroneous when assessing the Rule 12(b)(6) motion to dismiss.
As the majority concedes, the district court improperly considered evidence outside the pleadings without converting the motion to dismiss into a motion for summary judgment. Thus, the district court applied a standard which was clearly erroneous and there is no authority for the application of a harmless error standard. But, even if there was such authority, the error was not harmless because Whitaker’s complaint was not deficient, as discussed herein.
This court reviews de novo the district court’s grant of a motion for dismissal under 12(b)(6), applying the same standard used by the district court. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), “the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.” In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (internal marks omitted) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In considering a Rule 12(b)(6) motion to dismiss, the court is limited to considering the contents of the pleadings. Brand Coupon Network, L.L.C. v. Catalina Marketing Corp., 748 F.3d 631, 635 (5th Cir. 2014). Considering evidence outside the pleadings without converting the motion to dismiss into a motion for summary judgment is error. Id. See also Fed. R. Civ. P. 12(d) (If matters outside the pleadings are considered, the motion must be treated as one for summary judgment and “[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.”) Thus, the district court erred.
The majority cites Wood v. Collier (Wood I), 836 F.3d 534 (5th Cir. 2016) for the conclusion that this error is harmless. However, there is no authority for the application of a harmless error standard to a Rule 12(b)(6) dismissal. More importantly, Wood I cites no such authority. Further, it is troubling that this court is relying on a subsequent case decided by the same district court which denied prisoners relief that the State agreed to provide here. In Wood I, the prisoners were seeking re-testing of the compounded pento-barbital prior to execution — something the State stipulated to here prior to the filing of Whitaker’s second amended complaint and part of the evidence improperly considered by the same district court here in deciding the motion to dismiss. Also, the Wood I plaintiffs were seeking a stay and did not challenge the time barred holding.
Accordingly, the district court clearly erred and this issue alone is sufficient to warrant reversal.
II. Whether appellants’ claims are time-barred; and
III. Whether the district court abused its discretion by violating this court’s mandate and by not allowing meaningful discovery.[2]
The claims are riot time-barred because the cause of action did not accrue until the state began using compounded pentobarbi-tal under the revised protocol in 2013. Additionally, Whitaker is arguably subject to a continuing injury based on TDCJ’s ability to change its protocol at any given time. See Tex. Code Crim. Proc. Art. 43.14.
We review de novo a district court’s dismissal of a § 1983 action as time- *505 barred. See Price v. City of San Antonio, Tex., 431 F.3d 890, 892 (5th Cir. 2005). Federal courts look to federal law to ascertain when a § 1983 action accrues and the limitations period begins to' run, but “state law supplies the applicable limitations period and tolling provisions.” Harris v. Hegmann, 198 F.3d 153, 156-57 (5th Cir. 1999).
As this court has said previously, “in the event a state changes its execution protocol after a death-row inmate’s conviction has become final, the limitations period will necessarily accrue on the date that protocol change becomes effective.” Walker v. Epps, 550 F.3d 407, 414 (5th Cir. 2008) This is consistent with other circuits. Id. at 415.
Further, the statute of limitations is an affirmative defense. This case was dismissed under Rule 12(b)(6). Additionally, as Judge Dennis said in his separate opinion, concurring in part and in judgment, in Wood v. Collier (Wood II), No. 16-20556, 678 Fed.Appx. 248, 2017 WL 892490 (5th Cir. Mar. 6, 2017):
I recognize that Walker v. Epps, 550 F.3d 407 (5th Cir. 2008), is binding authority in this Circuit and requires plaintiffs seeking solely equitable relief to comply with state statutes of limitations. However, I am concerned that our decision in Walker misinterpreted the Supreme Court’s decision in Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), when it read it to overrule Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946), a case that Wilson neither discussed nor even mentioned. As a member of this court has observed, “[t]he question whether a statute of limitations should apply to a claim such as this one, where the plaintiff seeks purely injunc-tive relief against an injury that, although certainly foreseeable, has not yet occurred, is a difficult one.” Walker v. Epps, 287 Fed.Appx. 371, 379 (5th Cir. 2008) (King, J., dissenting). As she did, I refer the reader to Judge Myron Thompson’s excellent discussion of this subject, published at Jones v. Allen, 483 F.Supp.2d 1142 (M.D. Ala. 2007).
Id. at 250, 2017 WL 892490 at *2. I agree.
Under our existing authority, any change sets the accrual. This court has already assumed the 2013 change in pento-barbital was the appropriate accrual date in Wood II. Id. at 249-50, 2017 WL 892490 at *1. The majority explicitly adopts Wood IPs conclusions as published precedent. Thus, the 2013 change would be the appropriate accrual date here.
Further, even under the non-binding, persuasive authority of Gissendaner v. Commissioner, Georgia Dept. of Corrections, 779 F.3d 1275, 1280-81 (11th Cir. 2015), the particular part of the protocol that changed — the use of compounded pen-tobarbital — was substantial. Also, the Eighth Circuit treated it as such in the non-binding, persuasive case of Zink v. Lombardi, 783 F.3d 1089 (8th Cir. 2015), which the majority here relies on heavily for other reasons.
Compounded pentobarbital is made in a different, manner and the change affects everything from the beyond-use date (BUD) to the availability of data regarding its effects.[3] Additionally, Whitaker’s other claims, such as access to counsel, are greatly affected by the change in protocol. The district court essentially dismissed this claim because Texas previously complied with the Sixth Amendment right to *506 counsel at trial and there’s no basis to suggest it extends to the day of execution. However, such a finding ignores the issue of whether the State can deprive Whitaker of the right to preserve other constitutional rights, such as those at issue here, by denying the presence of counsel at the critical stage of execution. Moreover, Whitaker raised the claims regarding the absence of protocols that should be in place in his amended complaint. Whitaker II was decided after that. Thus, this issue was clearly not waived.
This court has previously said:
Under law-of-the-case doctrine, “the district court on remand, or the appellate court on a subsequent appeal, abstains from reexamining an issue of fact or law that has already been decided on appeal.” United States v. Teel, 691 F.3d 578, 582 (5th Cir. 2012). A corollary of the law-of-the-case doctrine is the mandate rule, which “requires a district court on remand to effect [the court’s] mandate and to do nothing else.” Gen. Universal Sys., Inc. v. HAL, Inc., 500 F.3d 444, 453 (5th Cir. 2007) (citation and internal quotation marks omitted). “A district court on remand ‘must implement both the letter and the spirit of the appellate court’s mandate and may not disregard the explicit directives of that court.’ ” United States v. McCrimmon, 443 F.3d 454, 459 (5th Cir. 2006) (quoting United States v. Matthews, 312 F.3d 652, 657 (5th Cir. 2002)). “Whether the law of the case doctrine foreclose^] the district court’s exercise of discretion on remand and the interpretation of the scope of this court’s remand order present questions of law that this court reviews de novo.” United States v. Hamilton, 440 F.3d 693, 697 (5th Cir. 2006) (citation and internal quotation marks omitted).
Perez v. Stephens, 784 F.3d 276, 280 (5th Cir. 2015).
This court already remanded “so that Whitaker is able to fully develop the claims based on the existing protocol for an appropriate trial on the merits.” The majority concedes that the “district court was bound to apply the holding in Whitaker [//].” That did not happen. Rather than implement the letter and spirit of this court’s mandate, the district court disregarded explicit directives of this court, did not allow Whitaker meaningful discovery or an opportunity to fully develop the claims, and later dismissed under Rule 12(b)(6) while considering matters outside the pleadings without converting the motion to dismiss to a motion for summary judgment.
For these reasons, I would conclude that the district court clearly erred and abused its discretion.
IY. Whether appellants’ second amended complaint states claims upon which relief may be granted.
Clearly the claims raised by Whitaker exist. Glossip v. Gross, — U.S. -, 135 S.Ct. 2726, 192 L.Ed.2d 761 (2015). As stated previously herein, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), “the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.” In re Katrina Canal Breaches Litig., 495 F.3d at 205. We must accept all well-pleaded facts as true, viewing them in the light most favorable to Whitaker. Id. While “factual allegations must be enough to raise a right to relief above a speculative level,” the complaint “does not need detailed factual allegations.”
The majority cites Glossip for the standard of a method-of-execution claim. Glossip, 135 S.Ct. at 2737. But the portion cited by the majority sets out what is required *507 for a petitioner to establish a likelihood of success on the merits for purposes of a stay of execution. Although the elements of a method of execution claim — as pleaded by Whitaker here — are relevant, the heightened standard of Glossip is not applicable because Whitaker must only plausibly allege his claims to survive a 12(b)(6) dismissal rather than establish a likelihood of success on the merits. Further, Baze v. Rees, 553 U.S. 35, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008), did not involve a Rule 12(b)(6) dismissal, but rather the court upheld Kentucky’s three-drug lethal injection protocol after a 7-day bench trial. Moreover, Fears v. Morgan (In re Ohio Execution Protocol), No. 17-3076, 860 F.3d 881, 2017 WL 2784503 (6th Cir. June 28, 2017), also involved a stay of execution under Ohio’s three-drug lethal injection protocol, not a Rule 12(b)(b)(6) dismissal.
In Zink, which again is non-binding, the Eighth Circuit concluded that the plaintiffs’ specific allegations regarding compounded pentobarbital were too speculative because their own experts “underscore[d] that the harms they have identified are hypothetical.” Id. 783 F.3d at 1101. Zink relied in part on Whitaker I and its heightened standard on a motion for preliminary injunction to reach its conclusion. Id. at 1102. Zink also pointed to an Eleventh Circuit case, Wellons v. Comm’r Ga. Dep’t of Corr., 754 F.3d 1260, 1265 (11th Cir. 2014), involving the same heightened standard. Id. More importantly, Zink, Whitaker I, and Wellons were all decided before the Supreme Court decided Glossip.
The thread throughout the district court opinion is the circular logic of Whitaker’s inability to prove his claims until after his rights are violated, despite the fact that once that happens, Whitaker would be deceased and unable to prove anything— particularly if he is denied counsel at execution. However, this logic ignores the fact that Whitaker is not required to prove the claims in his complaint to survive a motion to dismiss.
The district court said, “compounded pentobarbital has successfully killed the condemned in Texas.” The relevant factor is not whether a condemned man eventually dies. The district court also found that Whitaker offered no data showing that errors in testing exist, how the integrity of the test is compromised, or that the drug is likely to be defective if it is mis-tested. However, the district court denied discovery on the testing, as discussed above herein.
The district court then improperly relied upon stipulations and evidence outside the pleadings. Further, the district court dismissed Whitaker’s assertions that were derived from therapeutic use of old pento-barbital rather than compounded pento-barbital. However, contradictorily, both the district court and the majority conclude that there’s no difference between pentobarbital and compounded pentobarbi-tal, in which case the data should have been relied upon. Additionally, the Supreme Court has found that “extrapolations and assumptions” from data on therapeutic doses of drugs used for execution are entirely reasonable. See Glossip, 135 S.Ct. at 2741. This would necessarily extend to extrapolations regarding the BUD.
Based on all of this, I would conclude that Whitaker has pleaded enough facts to state a plausible claim and should be given the opportunity to conduct meaningful discovery.
Accordingly, for the reasons set out herein, I would vacate the district court’s order of dismissal and remand. Therefore, I respectfully dissent.

. The majority states that the district court permitted limited discovery while the motion to dismiss was pending. However, the record reflects that the district court did not allow any discovery on the second amended com *503 plaint or after its filing while the motion to dismiss was pending.
Prior to the filing of the second amended complaint and the motion to dismiss, the district court had permitted only limited' discovery. For example, when Williams' execution date was set, the district court called the case to trial with two weeks’ notice and then put restrictions on the examination of witnesses.
Another example is when the district court ordered Texas to provide Whitaker with the purchase and compounding date for the compounded pentobarbital it has used in executions and any autopsy reports conducted of the execution, and to provide the court with the master formulation record and the certificate of analysis for in camera inspection, all by September 11, 2015. Texas filed an adviso-iy on September 11, 2015, saying that it provided the purchase and creation dates, but could not provide any of the other items ordered.
In its order of dismissal, the district court also acknowledged discovery it had denied, saying: "The plaintiffs want more discovery. Among other things, they want to know what equipment was used to test the lethal-injection drugs and how and from whom Texas acquired the drugs.” Then, "Texas has told the plaintiffs what they will kill them with and how they will do it. There is no denial of access just because they do not get what they want.” But yet the district court then faulted the plaintiffs for not being able to articulate a challenge to the testing — when the court had denied their discovery on that very issue.

. These issues are combined for discussion.

. I note that the majority assumes Whitaker’s claims regarding retesting, the BUD and concealment of information are not time-barred.